HECLA CONSOLIDATED GOLD MIN. CO. *v.* O'NEILL.

*(Supreme Court, General Term, First Department. June 29, 1892.)*

CORPORATIONS—CONTRACT OF PROMOTION—EFFECT.

Where, by the conditions of a trust deed executed by individuals, the trustee is to hold the property for the benefit of the individuals until the organization of a certain corporation, when he is to immediately transfer the property to it, the parol agreement of the individuals with the trustee that they and their company, when incorporated, would pay the trustee a certain amount for his services, is not binding on the corporation; so that failure to fulfill the agreement furnishes no ground for a refusal to convey the property to the corporation.

Appeal from special term, New York county.

Action by the Hecla Consolidated Gold Mining Company against William L. O'Neill to compel conveyance of property according to the terms of the trust deed. From an interlocutory judgment sustaining a demurrer to the answer, and counterclaim therein, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*W. L. O'Neill, in pro. per. J. N. Hayes,* for respondent.

VAN BRUNT, P. J. The complaint in this action alleges that the plaintiff is a corporation duly organized under the laws of the state of Colorado in August, 1891; and that in February, 1888, one Jerry Collins and one Patrick J. Hegarty were the owners of certain mining claims situated in that state; that they executed a certain instrument between themselves, whereby they agreed to organize a joint-stock company to be called the "Hecla Consolidated Gold Mining Company," and whereby it was declared that the parties had theretofore agreed that they would absolutely transfer and assign all their several interests in the said mining properties to the defendant, William L. O'Neill, as trustee, to be held by him in trust for their benefit, until the organization of said company should be completed; and that forthwith thereupon the said trust properties should be absolutely assigned and transferred by said O'Neill, as such trustee, to said mining company. The agreement further recited that it had been agreed as to what the capital stock of the company should be, and what proportion of stock the owners of the mining claims should have. On the 1st of March, 1888, a further agreement was entered into between said Collins, Hegarty, and O'Neill, in which it was recited that the said Collins and Hegarty were the owners of certain mining claims, (describing them.) Said agreement also recited the fact of the agreement of February, 1888, and that it was expressly desired by the parties as a further assurance to execute those presents, further assuring, assigning,

and conveying said mining claims to said O'Neill as trustee for the purpose, and subject to the trust, declared in said agreement of February 3, 1888; and also that the said O'Neill had duly accepted the trust created by said agreement, and duly executed the same in acceptance of the trust thereof, and that, in order further to give effect to the intention of the parties, he had consented and agreed to become a party to the agreement for the purposes therein appearing. And by said agreement the said Collins and Hegarty thereupon absolutely transferred, assigned, and conveyed to said O'Neill all said several mining claims, to be held by him in trust for the purposes declared by and contained in said agreement of February 3, 1888. And it was further declared and agreed, by and between the parties, that the said agreement of February 3, 1888, was to be deemed part and parcel of said agreement of March 1, 1888, and to be read as part thereof; and all the conditions and agreements therein contained were to be incorporated in said deed of March 1, 1888, with a view to the further and better giving effect to the intention of all the parties. That the incorporation of said mining company having taken place, in pursuance of the provisions of the said trust deed, a demand was made upon the defendant, O'Neill, to transfer said property, which he refused; and judgment is demanded that the defendant execute and deliver to the plaintiff, pursuant to said agreement and trust deed, a proper assignment of said mining claims therein described, etc. The answer of the defendant does not deny these facts, but alleges that, prior to the acceptance of the trust mentioned in the complaint, said Collins, acting on his own behalf and as the agent of Hegarty, entered into an agreement under and subject to which the agreement mentioned in the complaint had been entered into, and the plaintiff took and acquired such rights and interests as it had or possessed; that said agreement was verbal, and Collins personally, for himself and as the agent of Hegarty, expressly agreed with said O'Neill personally, as trustee, that said Collins and Hegarty and their company, when duly incorporated, would pay to said O'Neill, for his remuneration for services as trustee, a large amount of money therein mentioned; and also do other things named in said answer; and that the plaintiff acquired such rights as it might have subject to said agreement; and that neither Collins nor Hegarty nor the plaintiff have complied with any of the requirements of said agreement; and the defendant demanded judgment against the plaintiff dismissing the complaint, with costs, and an affirmative judgment for the alleged agreed remuneration. The plaintiff demurred to this answer upon the ground that it did not state facts sufficient to constitute a defense, which was sustained; and from the interlocutory judgment thereupon entered this appeal is taken.

In support of the defendant's contention, it is claimed that the trust agreements were simply in part execution of the parol agreement alleged in the answer between Collins, Hegarty, and the defendant; and that the personal liability of Collins and Hegarty now rests upon the plaintiff corporation, because the corporation practically is Collins and Hegarty; and that, if the corporation takes the benefit of the trust attempted to be created, it must assume the agreement to pay the trustee, and must ratify the whole transaction or no part of it. The difficulty with the position of the defendant is that, by the written agreements themselves, he has agreed to do certain things, viz., upon the organization of this company to convey this property. By this agreement this corporation, when organized, became the *cestui que trust*,—the beneficiary under the agreement,—and had a right to enforce the same. It had nothing to do with the outside agreements between Collins, Hegarty, and the defendant. Its rights are fixed by the trust deeds, and, as far as the defendant is concerned, his obligations to the plaintiff are also fixed by the trust deed, and, as between these two, the outside agreements could in no manner affect the rights and obligations which arose from the written contracts; because it is entirely immaterial whether the trust deeds were executed

in pursuance of a parol agreement or not. Such parol agreement was outside the trust deeds. By the trust deeds the defendant accepted this property upon certain trusts, and agreed to convey upon a certain contingency to a certain corporation when it should come into existence. That corporation, having been organized, now calls upon the defendant to fulfill his obligation. It is difficult to see how any agreement between Collins and Hegarty and O'Neill, in regard to compensation, can affect the right of the beneficiary of the trust deed to claim the property which the trustee has expressly agreed to convey. If the trustee desired to protect himself, he was bound to insert in the deed in which he agreed to convey the conditions upon which a conveyance might be claimed, the more particularly as the agreement became a binding contract between the beneficiary and the trustee the moment the beneficiary sprang into existence, and it was in the contemplation of the parties at the time of the execution of the trust deeds that such should be the case. It further appears, from the very statement thereof, that the agreement for compensation was a personal one on the part of Collins and Hegarty; and it is a familiar principle, which it does not need authority to support, that the promises of the promoters of a corporation to be organized are not contracts binding upon the corporation when it comes into existence. So, perhaps, even if Collins had assumed to bind the corporation, which it is evident he did not, it is doubtful whether it could be enforced against the corporation. But, as already stated, the defendant has agreed to transfer this property to this corporation upon its coming into existence; and now he proposes to hold the property because it is alleged that Collins, upon his own behalf and on behalf of Hegarty, agreed that he should receive a certain compensation, and it might be observed in passing that there is nothing whatever in the contract, as alleged in the answer, which in any wise gave a lien, or attempted to give a lien, to the defendant upon the trust property for this alleged remuneration. The case, therefore, is that the defendant holds property which he has agreed to transfer to the corporation; and, having no valid claim against the corporation by reason of any contract which Collins and Hegarty had made or could make, refuses to make such transfer according to his agreement, because Collins and Hegarty have not lived up to their individual agreement. We cannot see how such a claim can prevail. If the condition of the obligation to transfer had rested upon the compliance of Collins and Hegarty with their agreement, then another case might have been presented. But the obligation entered into upon the part of the defendant was absolutely unconditional, and this he refuses to perform. We think, therefore, that the demurrer was well taken, and that the judgment appealed from should be affirmed with costs, with leave to the defendant to amend his answer upon payment of the costs below and of this appeal in 20 days. All concur.